Elizabeth Loveridge (6025)
David A. Nill (8784)
**WOODBURY & KESLER, P.C.**
265 East 100 South, Suite 300
P.O. Box 3358
Salt Lake City, UT  84110-3358
Telephone:  (801) 364-1100

Attorneys for Chapter 7 Trustee

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br>**JULIE RAY PEACOCK**<br>SSN:  XXX-XX-9816<br>Debtor(s). | Bankruptcy No.  09-31801 WTT<br>Chapter 7 |
| ELIZABETH R. LOVERIDGE, Chapter 7 Trustee,<br>     Plaintiff,<br>v.<br>LOIS PEACOCK,<br>     Defendant | Adversary Proceeding No. _____ |

## COMPLAINT

Elizabeth Loveridge, Chapter 7 Trustee, for her complaint states:

### PARTIES

1.     Julie Ray Peacock (the "Debtor") is the Chapter 7 debtor.

2.     Plaintiff Elizabeth Loveridge is the Chapter 7 trustee ("Trustee") of the Debtor's

bankruptcy estate.

1

3. Defendant Lois Peacock ("Peacock") is an individual, who upon information and belief, resides in Salt Lake County, Utah.

## JURISDICTION AND VENUE

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(H).

5. This Court has jurisdiction under 28 U.S.C. §§ 1334(b) and 157(a), and D.U.Civ.R. 83-7.1, the general order of reference.

6. Venue is proper under 28 U.S.C. § 1409.

## GENERAL FACTUAL ALLEGATIONS

7. The Debtor filed the bankruptcy petition under Chapter 7 of the Bankruptcy Coe on October 26, 2009 (the "Petition Date").

8. On September 4, 2009, the Debtor conveyed by quitclaim deed the following properties to Peacock (the "Transfers"):

Parcel 1    LOT 11 & 12, BLK 3 EMERSON HEIGHTS ADD. TOGETHER WITH ½ VACATED ALLEY ABUTTING ON N.

Tax ID: 16-16-155-021-0000

Parcel 2    COM 213 FT E OF NW COR LOT 6 BLK 17 5 AC PLAT A B F SUR E 40 FT S 100 FT W 40 FT N 100 FT TO BEG.

Tax ID: 16-08-329-018-0000

(the "Properties").

9. At the time of the Transfers, the Debtor had $510,000.00 in equity in the Properties.

## FIRST CLAIM FOR RELIEF
(11 U.S.C. §§ 548 and 550)

10. The Trustee incorporates by reference paragraphs 1 through 9.

11. The Debtor quitclaimed the Properties to Peacock within two years before the Petition Date.

12. The Transfers were fraudulent because the Debtor made the Transfer with the actual intent to hinder, delay or defraud the Debtor's creditors.

13. The Debtor's actual intent to hinder, delay or defraud creditors by making the Transfers is demonstrated by the following:

   a. The Debtor quitclaimed the Properties to Peacock, an insider. Peacock is the Debtor's grandmother.

   b. The Debtor retained possession of the Properties after conveying to Peacock.

   c. The Debtor retained possession of the Properties and continued her normal use and control of the Properties at the time of the Transfers and at all times after the Transfers.

   d. The Debtor quitclaimed the Properties at a time when she knew she owed an obligation to the Internal Revenue Service.

   e. The Debtor quitclaimed the Properties at time when she knew that she was not the prevailing party in a lawsuit and  at a time when she knew the

      prevailing party had filed a motion requesting an award of attorneys' fees and costs.

    f. The Debtor concealed the Transfers from her creditors.

    g. The Debtor was insolvent at the time of the Transfers.

    h. The Transfers conveyed to Peacock all of the equity the Debtor owned in the Properties.

    i. The Debtor received no reasonably equivalent value from Peacock in exchange for the Transfers.

  14. In the alternative, the Transfers were constructively fraudulent because the Debtor received less than reasonably equivalent value in exchange for the conveyance.

  15. The Debtor was insolvent when she quitclaimed the Properties to Peacock, or became insolvent as a result of the quitclaims.

  16. At the time of the Transfers, the Debtor has insufficient liquid assets to pay existing obligations.

  17. The Transfers divested the Debtor of essentially all assets she owned.

  18. The Debtor was undercapitalized for the Debtor's then business or transactions, or the Debtor's then anticipated or planned business or transactions at the time she quitclaimed the Properties to Peacock.

  19. At the time of the Transfers, the Debtor intended to incur, believed that she would incur, or should have believed she would incur debts beyond her ability to pay as such debts matured.

20. Peacock was the initial transferee of the Transfers.

21. The Transfers constituted a transfer of an interest of the Debtor in the Properties.

22. The Trustee is entitled to avoid the Transfers, and recover the Properties or the value of the Properties at the time of the Transfers, which was $510,000.00.

WHEREFORE, the Trustee requests the Court:

1. Avoid the quitclaim of the Properties to Peacock.

2. Award the Properties to the bankruptcy estate, or, award the Trustee a judgment against Peacock in the value of the Properties at the time of the Transfers, which was $510,000.00, together with costs and interest at the statutory rate.

3. Award the Trustee such other relief as is just.

DATED this 8th day of July, 2010.

**WOODBURY & KESLER, P.C.**

/s/
David A. Nill
Attorney for Elizabeth R. Loveridge
Chapter 7 Trustee

Plaintiff's Address
Elizabeth R. Loveridge
265 East 100 South, Suite 300
P.O. Box 3358
Salt Lake City, Utah 84110-3358